**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DOROTHY J. ROEBUCK**                                                                  **PLAINTIFF**

**v.**                      **CASE NO. 4:10-CV-0248 BSM**

**GRADY M. McCALLISTER and
JOE M. McCALLISTER**                                                   **DEFENDANTS**

## ORDER

On January 27, 2011, defendants moved [Doc. No. 15] to compel answers to interrogatories and requests for document production. Four days later they received answers from the plaintiff, but found her responses lacking. Defendants then requested time to solve the matter without court action [Doc. No. 17], and asked plaintiff to respond by February 21, 2011. On March 3, 2011, the defendants renewed their motion to compel. [Doc. No. 24]. Plaintiff objected and responded on March 17, 2011. [Doc. No. 26]. That same day, defendants moved for a hearing on the motion to compel. [Doc. No. 24]. For the reasons set forth below, the motions [Doc. Nos. 15 and 21] to compel are DENIED.

The parties dispute the number of interrogatories that defendants have submitted or were entitled to submit. Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on any party no more than twenty-five interrogatories. In this case there are two named defendants, Grady and Joe McCallister. Where there are multiple defendants, each defendant is permitted to serve the allotted number of interrogatories on the other party. Defendants were entitled to a total of fifty interrogatories and plaintiffs should have responded to fifty interrogatories. There is nothing to support plaintiff's contention that defendants each

intended to submit the exact same interrogatories.

Plaintiff argues that each discrete subpart of the defendants' interrogatories should count as a separate interrogatory. This is consistent with the text of Rule 33(a)(1) of the Federal Rules of Civil Procedure. As such, at this point the plaintiffs have responded to a total of twenty-five interrogatories. Rather than grant the motion to compel, the defendants will be allowed to reformulate and submit their remaining interrogatories.

The motions to compel [Doc. Nos. 15 and 21] are DENIED, but defendants have twenty-five remaining interrogatories and may submit those interrogatories to the plaintiff. Because the motion to compel is denied, any ruling on specific objections is withheld. The other related motions [Doc. Nos. 19 and 24] are DENIED as moot.

IT IS SO ORDERED this 29th day of April, 2011.

                                                      UNITED STATES DISTRICT JUDGE